NEW-YORK,
May, 1815.

CHAMBERLAIN *against* LOVET.

CHAMBERLAIN
*v.*
LOVET.

IN ERROR, on *certiorari*. After issue joined in the court below, the cause was adjourned until another day, at 3 o'clock in the afternoon; on which day the parties appeared before the hour, but the justice was engaged in the trial of another cause, which continued until 8 o'clock. When that trial was over, *Chamberlain*, the defendant below, by his counsel, moved that the *venire* in this cause should be returned; to which the justice replied, that no *venire* had been issued in this cause; bu$^t$ he supposed that the same jury which tried the last cause, might serve in this : *Chamberlain* objected to that, and demanded a nonsuit, for want of a jury, but the nonsuit was overruled. *Lovet* then moved for a *venire, instanter*, which was granted, and in the course of half an hour, a jury was summoned and duly impannelled; at which time *Chamberlain* had withdrawn to another part of the house, and the justice caused him to be duly notified, that the jury was ready to proceed to trial, but he refused to attend. The trial, however, proceeded, and a verdict was found for the plaintiff.

*A delay in proceeding to trial, occasioned by the justice being engaged in the trial of another cause, will not work a discontinuance.*

*Per Curiam.* The delay in not proceeding to trial in this cause, until five hours after the time to which it was adjourned, is sufficiently accounted for. The justice was continually engaged in the trial of another cause, and the defendant had sustained no inconvenience by the delay, from any thing that appears; he was still remaining at the same house, and had himself moved the trial but half an hour before, and was duly notified that the jury were impannelled, and the court ready to proceed. In the cases where we have decided, that if the trial does not proceed within a reasonable time after the hour appointed, the cause is to be considered as out of court, the delay has not been accounted for, or the party has sustained an injury, without his own wilful default, which is not the case here. The plaintiff was in season to demand a *venire;* the court had not proceeded to inquire into the merits of the cause, and, indeed, it does not appear that the parties had been called by the justice. The return only states, that when the other trial was over, the defendant moved that the *venire* in this cause be

returned, and that the cause proceed to trial; and was then told that no *venire* had been issued; and it does not appear from the return, that either party had, at this time, demanded a *venire.* These are the only objections to the return raised by the plaintiff in error, none of which appear to us sufficient to set aside the judgment; it must, accordingly, be affirmed.

Judgment affirmed.